1  LIEFF, CABRASER, HEIMANN &
   BERNSTEIN, LLP
2  Jonathan D. Selbin (State Bar No. 170222)
   250 Hudson Street, 8th Floor
3  New York, NY 10013
   Telephone: (212) 355-9500
4  Facsimile: (212) 355-9592

5  LIEFF, CABRASER, HEIMANN &
   BERNSTEIN, LLP
6  Daniel M. Hutchinson (State Bar No. 239458)
   Eduardo E. Santacana (State Bar No. 281668)
7  275 Battery Street, 29th Floor
   San Francisco, California 94111-3339
8  Telephone: (415) 956-1000
   Facsimile: (415) 956-1008
9

MEYER WILSON CO., LPA
Matthew R. Wilson
(*pro hac vice* to be filed)
1320 Dublin Road, Ste. 100
Columbus, Ohio 43215
Telephone: (614) 224-6000
Facsimile: (614) 224-6066

10  *Attorneys for Plaintiff and the Proposed Class*

11

12                    UNITED STATES DISTRICT COURT
                     NORTHERN DISTRICT OF CALIFORNIA
13                SAN FRANCISCO / OAKLAND DIVISION

14

15  TIFFANY ALARCON on behalf of herself       Case No. _____
    and all others similarly situated,
16
                    Plaintiff,
17
         v.                                    **CLASS ACTION COMPLAINT FOR
18                                             DAMAGES AND INJUNCTIVE RELIEF
    CAPITAL ONE BANK (USA), N.A., and          PURSUANT TO 47 U.S.C. § 227 *ET SEQ.***
19  CAPITAL ONE SERVICES, LLC                  **(TELEPHONE CONSUMER
                                               PROTECTION ACT)**
20                  Defendants.
                                               CLASS ACTION
21
                                               **DEMAND FOR JURY TRIAL**
22

23

24

25

26

27

28

1    Plaintiff Tiffany Alarcon (hereinafter referred to as "Plaintiff"), individually and

2 on behalf of all others similarly situated, alleges on personal knowledge, investigation of her

3 counsel, and on information and belief as follows:

4                                    **NATURE OF ACTION**

5    1.    Plaintiff brings this action for damages, and other legal and equitable

6 remedies, resulting from the illegal actions of Capital One Bank (USA), N.A., Capital One

7 Services, LLC, and/or other affiliates or subsidiaries of Capital One Financial Corporation (all

8 hereinafter referred to collectively as "Capital One") in negligently, knowingly, and/or willfully

9 contacting Plaintiff and Class members on their cellular telephones without their prior express

10 consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq.

11 (hereinafter referred to as the "TCPA").  Capital One has violated the TCPA by contacting

12 Plaintiff and Class members on their cellular telephones via an "automatic telephone dialing

13 system," as defined by 47 U.S.C. § 227(a)(1), and/or by using "an artificial or prerecorded voice"

14 as described in 47 U.S.C. § 227(b)(1)(A),  without their prior express consent within the meaning

15 of the TCPA.

16    2.    Plaintiff brings this action for injunctive relief and statutory damages

17 resulting from Capital One's illegal actions.

18                              **JURISDICTION AND VENUE**

19    3.    This matter in controversy exceeds $5,000,000, as each member of the

20 proposed Class of tens of thousands is entitled to up to $1,500.00 in statutory damages for each

21 call that has violated the TCPA.  Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. §

22 1332(d)(2).  Further, Plaintiff alleges a national class, which will result in at least one Class

23 member belonging to a different state.  Therefore, both elements of diversity jurisdiction under

24 the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

25 This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

26    4.    Venue is proper in the United States District Court for the Northern

27 District of California pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1441(a), because Defendant is

28 deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time

1  the action is commenced, and because Defendant's contacts with this District are sufficient to

2  subject it to personal jurisdiction. Venue is also proper in this District because Plaintiff Alarcon

3  has resided in this District at all times relevant to these claims such that a substantial part of the

4  events giving rise to the claims occurred in this District.

5  **PARTIES**

6        5.      Plaintiff Tiffany Alarcon is, and at all times mentioned herein was, an

7  individual citizen of the State of California, who resides in Daly City, California.

8        6.      Defendant Capital One Bank (USA), N.A., is a nationally chartered bank

9  and wholly-owned subsidiary of Capital One Financial Corporation with its principal place of

10  business in McLean, Virginia.

11        7.      Defendant Capital One Services, LLC, is a limited liability company with

12  its principal place of business in McLean, Virginia, that provides credit card services for

13  Defendant Capital One Bank (USA), N.A.

14  **THE TELEPHONE CONSUMER PROTECTION ACT OF 1991**

15  **(TCPA), 47 U.S.C. § 227**

16        8.      In 1991, Congress enacted the TCPA,[1] in response to a growing number

17  of consumer complaints regarding certain telemarketing practices.

18        9.      The TCPA regulates, among other things, the use of automated telephone

19  equipment, or "autodialers." Specifically, the plain language of section 227(b)(1)(A)(iii)

20  prohibits the use of autodialers to make any call to a wireless number in the absence of an

21  emergency or the prior express consent of the called party.[2]

22        10.     According to findings by the FCC, the agency Congress vested with

23  authority to issue regulations implementing the TCPA, such calls are prohibited because, as

24  Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of

25  privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also

26

27  [1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 (TCPA). The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. § 201 *et seq.*

28  [2] 47 U.S.C. § 227(b)(1)(A)(iii).

1051011.1        - 2 -      CLASS ACTION COMPLAINT

1  recognized that wireless customers are charged for incoming calls whether they pay in advance or
2  after the minutes are used.[3]

3          11.     On January 4, 2008, the FCC released a Declaratory Ruling wherein it
4  confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on
5  behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of
6  the called party.[4]  The FCC "emphasize[d] that prior express consent is deemed to be granted only
7  if the wireless number was provided by the consumer to the creditor, and that such number was
8  provided during the transaction that resulted in the debt owed."[5]

9  **FACTUAL ALLEGATIONS**

10          12.     At all times relevant, Plaintiff Alarcon was an individual residing in the
11  State of California.  Plaintiff Alarcon is, and at all times mentioned herein was, a "person" as
12  defined by 47 U.S.C. § 153(39).

13          13.     Plaintiff Alarcon applied for and received a credit card with Capital One.

14          14.     Capital One has repeatedly contacted Plaintiff Alarcon on her cellular
15  telephone.  Plaintiff received repeated, harassing calls at all hours of the day.  Because these calls
16  were prerecorded, Plaintiff had no ability to request that the calls end or to voice her complaints
17  to a real person.

18          15.     Capital One is, and at all times mentioned herein was, a "person", as
19  defined by 47 U.S.C. § 153(39).

20          16.     All telephone contact by Capital One to Plaintiff on her cellular
21  telephone occurred via an "automatic telephone dialing system," as defined by 47 U.S.C. §
22  227(a)(1), and/or used "an artificial or prerecorded voice" as described in 47 U.S.C. §
23  227(b)(1)(A).

24

25

26  [3] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).
27  [4] *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991* ("*FCC Declaratory Ruling*"), 23 F.C.C.R. 559, 23 FCC Rcd. 559, 43 Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (2008).
28  [5] *FCC Declaratory Ruling*, 23 F.C.C.R. at 564-65 (¶ 10).

1    17.    The telephone number that Capital One used to contact Plaintiff, with an

2    "artificial or prerecorded voice" made by an "automatic telephone dialing system," was assigned

3    to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

4    18.    "During the transaction that resulted in the debt owed," Plaintiff did not

5    provide express consent to receive prerecorded calls by Capital One on her cellular telephone.[6]

6    Indeed, Plaintiff did not even have her current cellular telephone number at the time of the

7    transaction.

8    19.    Plaintiff did not provide "express consent" allowing Capital One to place

9    telephone calls to Plaintiff's cellular phone utilizing an "artificial or prerecorded voice" or placed

10   by an "automatic telephone dialing system," within the meaning of 47 U.S.C. § 227(b)(1)(A).

11   20.    Capital One did not make telephone calls to Plaintiff's cellular phone

12   "for emergency purposes" utilizing an "artificial or prerecorded voice" or placed by an

13   "automatic telephone dialing system," as described in 47 U.S.C. § 227(b)(1)(A).

14   21.    Capital One's telephone calls to Plaintiff's cellular phone utilizing an

15   "artificial or prerecorded voice" or placed by an "automatic telephone dialing system" for non-

16   emergency purposes and in the absence of Plaintiff's prior express consent violated 47 U.S.C. §

17   227(b)(1)(A).

18   22.    Under the TCPA and pursuant to the FCC's January 2008 Declaratory

19   Ruling, the burden is on Capital One to demonstrate that Plaintiff provided express consent within

20   the meaning of the statute.[7]

21   23.    Any consumer arbitration clauses in the underlying credit card contracts

22   with Plaintiff and the Class members are not enforceable or applicable to the claims here because

23   Capital One has agreed, pursuant to a separate settlement agreement, not to enforce consumer

24   arbitration clauses.

25

26

27   _____

28   [6] *See FCC Declaratory Ruling*, 23 F.C.C.R. at 564-65 (¶ 10).
     [7] *See FCC Declaratory Ruling*, 23 F.C.C.R. at 565 (¶ 10).

1

**CLASS ACTION ALLEGATIONS**

2        24.        Plaintiff brings this action on behalf of herself and on behalf of all other

3    persons similarly situated (hereinafter referred to as "the Class").

4        25.        Plaintiff proposes the following Class definition, subject to amendment

5    as appropriate:

6           All persons within the United States who received a non-emergency
            telephone call from Capital One to a cellular telephone through the
7           use of an automatic telephone dialing system or an artificial or
            prerecorded voice and who did not provide prior express consent
8           for such calls during the transaction that resulted in the debt owed.

9    Collectively, all these persons will be referred to as "Class members." Plaintiff represents, and is

10   a member of, the Class. Excluded from the Class are Capital One and any entities in which

11   Capital One has a controlling interest, Capital One's agents and employees, any Judge to whom

12   this action is assigned and any member of such Judge's staff and immediate family, and claims

13   for personal injury, wrongful death and/or emotional distress. The Class also excludes all

14   residents of Illinois and all persons with an Illinois telephone number.

15       26.        Plaintiff does not know the exact number of members in the Class, but

16   based upon the representations of Capital One as to its market share, Plaintiff reasonably believes

17   that Class members number at minimum in the tens of thousands.

18       27.        Plaintiff and all members of the Class have been harmed by the acts of

19   Capital One.

20       28.        This Class Action Complaint seeks injunctive relief and money damages.

21       29.        The joinder of all Class members is impracticable due to the size and

22   relatively modest value of each individual claim. The disposition of the claims in a class action

23   will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical

24   suits. The Class can be identified easily through records maintained by Capital One.

25       30.        There are well defined, nearly identical, questions of law and fact

26   affecting all parties. The questions of law and fact involving the class claims predominate over

27

28

1   questions which may affect individual Class members. Those common questions of law and fact

2   include, but are not limited to, the following:

3           a.      Whether Capital One made non-emergency calls to
         Plaintiff and Class members' cellular telephones using an automatic
4        telephone dialing system or an artificial or prerecorded voice;

5           b.      Whether Capital One can meet its burden of showing
         it obtained prior express consent (*i.e.*, consent that is clearly and
6        unmistakably stated), during the transaction that resulted in the debt
         owed, to make such calls;
7
            c.      Whether Capital One's conduct was knowing and/or willful;
8
            d.      Whether Capital One is liable for damages, and the amount of such
9
         damages; and
10
            e.      Whether Capital One should be enjoined from
11       engaging in such conduct in the future.

12       31.     As a person who received numerous and repeated telephone calls using
13
    an automatic telephone dialing system or an artificial or prerecorded voice, without her prior
14
    express consent within the meaning of the TCPA, Plaintiff asserts claims that are typical of each
15
    Class member. Plaintiff will fairly and adequately represent and protect the interests of the Class,
16
    and has no interests which are antagonistic to any member of the Class.
17
         32.     Plaintiff has retained counsel experienced in handling class action claims
18
    involving violations of federal and state consumer protection statutes, including claims under the
19
    TCPA.
20
         33.     A class action is the superior method for the fair and efficient
21
    adjudication of this controversy. Class wide relief is essential to compel Capital One to comply
22
    with the TCPA. The interest of Class members in individually controlling the prosecution of
23
    separate claims against Capital One is small because the statutory damages in an individual action
24
    for violation of the TCPA are small. Management of these claims is likely to present significantly
25
    fewer difficulties than are presented in many class claims because the calls at issue are all
26
    automated and the Class members, by definition, did not provide the prior express consent
27
    required under the statute to authorize calls to their cellular telephones.
28

1051011.1                                    - 6 -                        CLASS ACTION COMPLAINT

34.     Capital One has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class as a whole appropriate.  Moreover, on information and belief, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## CAUSES OF ACTION

## FIRST COUNT

### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *ET SEQ.*

35.     Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

36.     The foregoing acts and omissions of Capital One constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

37.     As a result of Capital One's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and each member of the Class is entitled to treble damages of up to $1,500.00 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

38.     Plaintiff and all Class members are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Capital One in the future.  Plaintiff and Class members are also entitled to an award of attorneys' fees and costs.

## SECOND COUNT

### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 *ET SEQ.*

39.     Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

40.     The foregoing acts and omissions of Capital One constitute numerous and multiple violations of the TCPA, including but not limited to each of the above cited provisions of 47 U.S.C. § 227 *et seq.*

1            41.      As a result of Capital One's violations of 47 U.S.C. § 227 *et seq.*,

2 Plaintiff and Class members are entitled to an award of $500.00 in statutory damages for each and

3 every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

4            42.      Plaintiff and Class members are also entitled to and do seek injunctive

5 relief prohibiting Capital One's violation of the TCPA in the future.

6            43.      Plaintiff and Class members are also entitled to an award of attorneys'

7 fees and costs.

8 **PRAYER FOR RELIEF**

9           WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all

10 Class members the following relief against Defendant:

11           A.      Injunctive relief prohibiting such violations of the TCPA by Capital One in

12 the future;

13           B.      As a result of Capital One's willful and/or knowing violations of 47 U.S.C.

14 § 227(b)(1), Plaintiff seeks for herself and each Class member treble damages, as provided by

15 statute, of up to $1,500.00 for each and every call that violated the TCPA;

16           C.      As a result of Capital One's violations of 47 U.S.C. § 227(b)(1), Plaintiff

17 seeks for herself and each Class member $500.00 in statutory damages for each and every call

18 that violated the TCPA;

19           D.      An award of attorneys' fees and costs to counsel for Plaintiff and the Class;

20           E.      An order certifying this action to be a proper class action pursuant to

21 Federal Rule of Civil Procedure 23, establishing an appropriate Class and any Subclasses the

22 Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and

23 appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

24           F.      Such other relief as the Court deems just and proper.

25

26

27

28

1051011.1                    - 8 -                         CLASS ACTION COMPLAINT

1    Dated: August 6, 2012              By: */s/ Jonathan D. Selbin*
                                           Jonathan D. Selbin

2

3                                       LIEFF, CABRASER, HEIMANN &
                                        BERNSTEIN, LLP
                                        Jonathan D. Selbin
4                                       Email: jselbin@lchb.com
                                        250 Hudson Street, 8th Floor
5                                       New York, NY 10013
                                        Telephone: (212) 355-9500
6                                       Facsimile: (212) 355-9592

7                                       LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
                                        Daniel M. Hutchinson
8                                       Email: dhutchinson@lchb.com
                                        Eduardo E. Santacana
9                                       Email: esantacana@lchb.com
                                        275 Battery Street, 29th Floor
10                                      San Francisco, California 94111-3339
                                        Telephone: (415) 956-1000
11                                      Facsimile: (415) 956-1008

12                                      MEYER WILSON CO., LPA
                                        Matthew R. Wilson
13                                      (*pro hac vice* application to be filed)
                                        Email: mwilson@meyerwilson.com
14                                      1320 Dublin Road, Ste. 100
                                        Columbus, Ohio 43215
15                                      Telephone: (614) 224-6000
                                        Facsimile: (614) 224-6066

16
                                        *Attorneys for Plaintiff Alarcon and the Proposed Class*
17

18

19

20

21

22

23

24

25

26

27

28

---

1051011.1                          - 9 -                    CLASS ACTION COMPLAINT

1

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all counts so triable.

2

3

Dated: August 6, 2012                       By:  _/s/ Jonathan D. Selbin_
                                                 Jonathan D. Selbin

4

5       LIEFF, CABRASER, HEIMANN &
        BERNSTEIN, LLP
6       Jonathan D. Selbin
        Email: jselbin@lchb.com
7       250 Hudson Street, 8th Floor
        New York, NY 10013
8       Telephone: (212) 355-9500
        Facsimile: (212) 355-9592
9
        LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
10      Daniel M. Hutchinson
        Email: dhutchinson@lchb.com
11      Eduardo E. Santacana
        Email: esantacana@lchb.com
12      275 Battery Street, 29th Floor
        San Francisco, California 94111-3339
13      Telephone: (415) 956-1000
        Facsimile: (415) 956-1008
14
        MEYER WILSON CO., LPA
15      Matthew R. Wilson
        (*pro hac vice* application to be filed)
16      Email: mwilson@meyerwilson.com
        1320 Dublin Road, Ste. 100
17      Columbus, Ohio 43215
        Telephone: (614) 224-6000
18      Facsimile: (614) 224-6066

19      *Attorneys for Plaintiff Alarcon and the Proposed Class*

20

21

22

23

24

25

26

27

28

- 10 -